UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

NICHOLAS ZIMMERMAN,

        Plaintiff,

  v.            9:17-CV-375
                (CFH)
KEVIN RANDALL and MARK REIF,

         Defendants.

---

**HON. CHRISTIAN F. HUMMEL**
**U.S. MAGISTRATE JUDGE**

## JURY INSTRUCTIONS

### I. INTRODUCTION

Now that you have heard all of the evidence and the arguments of counsel, it is my duty to instruct you on the law applicable to this case. You must base your decision on what I now tell you, and not the instructions that I gave you at the beginning of the case.

### A. Jurors

#### 1. Role of Jurors

Your duty as jurors is to determine the facts of this case based on the admitted evidence. Once you have determined the facts, you must apply the law to those facts. The law you apply must be the law as I instruct to you now. You must consider and apply all of these instructions. It is the application of these instructions in their entirety that states the law. You should not worry yourselves with the wisdom of any rule of law. Jurors are required to accept and apply the law as I give it to you, whether you agree with it or not.

#### 2. Bias/Prejudice/Sympathy

In deciding the facts of this case, you must not be swayed by feelings of bias, prejudice, or sympathy toward either Plaintiff or Defendants. You are not to consider what the parties' reaction to your verdict may be, whether it will please or displease anyone, be popular or unpopular or, any consideration outside the case as it has been presented to you in this courtroom. You should consider only the evidence, both the testimony and the exhibits. The proper administration of justice requires that you carefully and impartially consider all the evidence in the case, follow the law as the


Court Exh #1

Court states it, and render a decision based on the application of the law to the facts as you find them to be.

### B. Court

Nothing I say in these instructions is to be taken as an indication that I have any opinion about the facts of the case. It is not my job to determine the facts of this case -- it is yours. Similarly, you must not infer, from anything I have said or done during this trial, that I hold any views for or against either Plaintiff or Defendants. I, as the Court, have no opinion about this case.

### C. Parties

#### 1. Identification of Parties

You should consider and decide this case as an action between parties of equal standing in the community, who are of equal worth, and who hold the same or similar stations in life. This is because all parties stand equal before the law and are to be dealt with as equals in a court of justice. In this action, the plaintiff is Nicholas Zimmerman, who has sued the defendants Kevin Randall and Mark Reif. The basis for the plaintiff's suit against the defendants is for violations of a section of the law called Title 42 of the United States Code, section 1983. I will explain this law in detail shortly.

#### 2. Multiple Defendants/Personal Involvement

Although there is more than one defendant, it does not follow that if you find one defendant liable to plaintiff that you must find all defendants liable to plaintiff. The law requires that a defendant be personally involved in conduct that deprived plaintiff of his constitutional rights before that defendant may be held liable for that deprivation. Personal involvement means either that a defendant, through his own actions or inaction, violated plaintiff's constitutional rights.

Each defendant is entitled to a fair consideration of the evidence, and you may not find a defendant liable for the actions taken by any other person or defendant, nor may you award damages – if you reach the question of damages – against a defendant based on actions taken by another defendant. No defendant is to be prejudiced should you find against any other defendant. Unless I tell you otherwise, all the instructions I give to you today apply to all defendants.

## II. ROLE OF THE ATTORNEYS

Our courts operate under an adversary system from which we hope that the truth will emerge through the competing presentations of opposing parties. It is the attorneys' responsibility to press as hard as they can for their respective positions. It is their role to call your attention to those facts which are most helpful to their side of the case. In

fulfilling that role, they have not only the right, but also the obligation, to make objections to the introduction of evidence they believe is improper.

The application of the rules of evidence is not always clear, and lawyers often disagree. It has been my job as the judge to resolve those disputes. It is important for you to realize, however, that my rulings on evidentiary matters have nothing to do with the ultimate merits of the case and are not to be considered as points scored for one side or the other.

Similarly, one cannot help but become involved with the personalities and styles of the attorneys, but it is important for you as jurors to recognize that this is not a contest between attorneys. You are to decide this case solely on the basis of the evidence and remember that the attorneys' statements and characterizations of the evidence are not evidence. Insofar as you find their opening and/or closing arguments helpful, take advantage of them, but it is your memory and your evaluation of the evidence in this case that counts.

Questions asked by the attorneys are also not evidence. Only the witnesses' answers are evidence.

Plaintiff has chosen to proceed pro se, or to represent himself, with Mr. Rehfuss acting as standby counsel. To the extent I refer in these jury instructions to the attorneys' roles or the attorneys' actions, I am also including plaintiff.

## III. EVIDENCE

### A. EVIDENCE, GENERALLY

As I stated earlier, your duty is to determine the facts based on the evidence that I have admitted. The term "evidence" includes the sworn testimony of witnesses, exhibits that the Court has received, and stipulations. You may not consider any responses which I ordered stricken from the record. I realize that you cannot remove those answers from your memories, but I instruct you that, as a matter of law, you may not rely on them during your deliberations. Additionally, as I indicated before, I instruct you that you are not to consider a question asked by the attorneys as evidence.

Although you should consider only the admitted evidence, you may draw inferences from the testimony and exhibits which are justified in light of your common experience. As I explained in my preliminary instructions, the law recognizes two types of evidence – direct and circumstantial. Direct evidence is the testimony of one who asserts personal knowledge, such as an eyewitness. Circumstantial or indirect evidence is proof of a chain of events which points to the existence or nonexistence of certain facts.

Here's an example of circumstantial evidence: assume when you came into court today, the sun was shining. Also assume that there are no windows in the courtroom, so you cannot see outside. Later in the day, someone walks into the courtroom with a dripping umbrella. Since you cannot look outside to see if it is raining, you have no direct evidence that it is raining. However, concluding that it is raining based on seeing the person's dripping umbrella would be a reasonable, logical conclusion. The conclusion that it is raining is based on circumstantial evidence – the dripping umbrella.

3

The law does not distinguish between the weight to be given to direct or circumstantial evidence. Nor is a greater degree of certainty required of circumstantial evidence than of direct evidence. You may rely on either type of evidence in reaching your decision.

### B. INFERENCE

You have heard me use the term "inference." In your deliberations, you may make inferences on the basis of your reason, experience, and common sense. I will explain the term "inference" as I use it here.

### C. OBJECTIONS, STRICKEN TESTIMONY, SIDEBARS

During the trial, the attorneys for both plaintiff and defendants have made many objections. This is something they are required to do. The Court's rulings on these objections are not to be considered by you in any respect. The lawyers have a duty to make whatever legal objections they feel are proper relating to the admission of evidence. Although the interruptions caused by the objections may be annoying or frustrating at times, you must understand that the law provides for the objection procedure to ensure a fair trial for both sides.

When the Court has sustained an objection, or not allowed the question, you must disregard the question and may not speculate, or guess, as to what the answer may have been. If the Court has overruled an objection, or permitted the question, you may consider the answer. However, in its rulings, the Court has not expressed any opinion as to the weight or effect of this evidence.

If the Court has stricken testimony, the reason for it being stricken is of no concern to you. You must disregard any stricken testimony and not consider it.

During the trial, there may have been conferences held at the judge's bench or in his chambers, and out of your hearing. These conferences relate to matters of law. These conferences or their purposes may not be part of your consideration.

## IV. EVALUATION OF EVIDENCE

### A. Burden of Proof – Preponderance of the Evidence

Plaintiff bears the burden of proof in this case. To say that a party has the burden of proof on a particular issue means that, considering all the evidence in the case, the party's claim on that issue must be established by a fair preponderance of the credible evidence. I will now explain what this means. The "credible evidence" means the testimony and exhibits that you find worthy of belief. A "preponderance" means the greater part of the evidence. That does not mean the greater number of witnesses or the longer amount of time taken by either side to present their case. The phrase "preponderance of the evidence" refers to the quality of the evidence, its weight, and the effect that it has on your minds. For plaintiff to prevail on an issue for which he has the burden of proof, the evidence that supports his claim on that issue must appear to you as more nearly representing what happened than the evidence defendants presented in

4

opposition. If it does not, or if it weighs so evenly that you are unable to say that there is a preponderance on either side, you must decide the question against the party who has the burden of proof, plaintiff and decide in favor of the opposing party, defendants.

### B. Proximate Cause of Injury

An injury or damage is proximately caused by an act, or a failure to act, whenever it appears from the evidence that the act or omission played a substantial part in bringing about or actually causing the injury or damage to plaintiff, and that plaintiff's injury or damage was either a direct result or a reasonably probable consequence of the act or omission.

Plaintiff has the burden of proving every element of his claim by a preponderance of the evidence. If you find that plaintiff has not proven any one of the elements by a preponderance of the evidence, you must return a verdict for the defendants. To find in favor of plaintiff, you must find that a defendant or multiple defendants proximately caused his injuries.

### C. CREDIBILITY OF WITNESSES

You have had the opportunity to observe all the witnesses. It is now your job to decide how believable each witness was. You are the sole judges of the credibility of each witness and of the importance of his or her testimony.

Now, in evaluating a witness's testimony, you should use all the tests for truthfulness that you would use in determining matters of importance to you in your everyday life. You should consider any bias or hostility that the witness may have shown for or against either party, as well as the interest that the witness may have in the outcome of the case. You should also consider the specific attributes of the witness; for example, whether the witness has been convicted of a felony, that is, a crime for which a person may receive a prison sentence of more than one year.

You should consider the opportunity the witness had to see, hear, and know the things about which the witness testified, the accuracy of the witness's memory, candor or lack of candor, the reasonableness and probability of the witness's testimony, the testimony's consistency or lack thereof, and its corroboration or lack of corroboration with other credible testimony.

Inconsistencies or discrepancies in the testimony of a witness, or between the testimony of different witnesses, may or may not lead you to discredit such testimony. Two or more persons witnessing an incident or a transaction may see or hear it differently; an innocent mis-recollection, like failure of recollection, is not an uncommon experience. In weighing the effect of a discrepancy, always consider whether it pertains to a matter of importance or an unimportant detail, and whether the discrepancy results from innocent error or intentional falsehood.

If you were to find that any witness willfully testified falsely as to any material fact – that is, to any important matter – the law allows you to disregard the entire testimony of that witness based upon the principle that someone who testifies falsely about one

material fact is likely to testify falsely about other important matters. You are not required, however, to consider such a witness as totally unworthy of belief. You may accept so much of the witness's testimony as you deem true and disregard what you feel is false. By the processes which I have just described, you, as the sole judges of the facts, decide which of the witnesses you will believe, what portion of their testimony you accept, and what weight you will give to that testimony.

In other words, what you must try to do in deciding credibility is to size up a witness in light of the witness's demeanor, the explanations given, and all of the other evidence in the case. Remember, you should always use your common sense, your good judgment and your own life experiences.

### D. INTEREST IN OUTCOME

In evaluating credibility of the witnesses, you should take into account any evidence that the witness who testified may benefit in some way from the outcome of this case. An interest in the outcome could create a motive to testify falsely and may sway the witness to testify in a way that advances his or her own interests. Therefore, if you find that any witness whose testimony you are considering may have an interest in the outcome of this trial, then you should bear that factor in mind when evaluating the credibility of his or her testimony and accept it with great care.

This is not to suggest that every witness who has an interest in the outcome of a case will testify falsely. It is for you to decide to what extent, if at all, the witness's interest has affected or colored his or her testimony.

### E. INCONSISTENT STATEMENTS

A witness may be impeached – or, in other words, discredited -- by contradictory evidence or by evidence showing that, at some other time, the witness said or did something, or failed to say or do something, that is inconsistent with the witness's present testimony. If the witness is not a party to this action, this earlier, inconsistent out-of-court statement may be considered for the sole purpose of judging the witness's credibility; however, it may not be considered as evidence of proof of the truth of the statement.

On the other hand, where the witness is a party to the case – plaintiff or a defendant -- and by such statement or other conduct admits some fact or facts against the witness's interest, then this statement or other conduct, if knowingly made or done, may be considered as evidence of the truth of the fact or facts so admitted by such party, as well as for the purpose of judging the credibility of the party as a witness.

If you believe any witness has been impeached or discredited, you may give the testimony of that witness such credibility, if any, you think it deserves. If a witness is shown to have knowingly or intentionally testified falsely about any relevant and significant matter, you have a right to distrust this witness's other testimony, and you may reject all of the testimony of that witness or give it such credibility as you may think it deserves. An act or omission is considered knowingly done if it is done voluntarily and intentionally, and not due to a mistake, accident, or other innocent reason.

### F. PRIOR FELONY CONVICTIONS

You have heard evidence that Plaintiff has been convicted of crimes. You may consider that evidence only in deciding whether the testimony provided by that person is truthful in whole, in part, or not at all. Such a conviction does not necessarily destroy the witness's credibility, but it is one of the circumstances you may take into account in determining the weight to give to his testimony. You may not consider this evidence for any other purpose because it is not evidence of anything else.

### G. ALL EVIDENCE/WITNESSES NEED NOT BE PRODUCED

The law does not require any party to call as witnesses all persons who may have been present at any time or place involved in the case, or who may appear to have some knowledge of the matters in issue at this trial. Nor does the law require any party to produce as exhibits all papers and things mentioned in this case.

### F. STIPULATIONS

A stipulation is an agreement between the parties that a certain fact is true. You must accept these agreed-upon facts as true.

### H. STATE NOT A DEFENDANT

During your deliberations, you must understand that the State of New York and the New York State Department of Corrections and Community Supervision (DOCCS) are not defendants in this case. The only defendants in this case are Kevin Randall and Mark Reif. You are to consider Mr. Randall and Mr. Reif's potential liability only on the basis of the evidence presented in this case.

## V. SUBSTANTIVE CHARGES

### A. 42 U.S.C. § 1983

Plaintiff has brought his claim pursuant to 42 U.S.C. § 1983, which provides that

> [e]very person who, under color of any statute, ordinance, regulation, custom or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured . . .

I will refer to this statute, or law, simply as "Section 1983." Section 1983 does not create any right in and of itself but serves as a means by which individuals can seek redress in this Court for alleged violations of their substantive rights under the United

7

States Constitution. I will now explain the three elements plaintiff must prove, under Section 1983, by a preponderance of the evidence. Plaintiff must prove all of these elements to succeed on his claim under Section 1983.

The **first** element of any claim under Section 1983 is that the defendants' acts must have been done under "color of state law." What this means is that the acts complained of must have occurred while the defendant (or defendants) was acting, or purporting to act, in the performance of his official duties.

**Second**, the plaintiff must establish by a preponderance of the credible evidence that the defendant's conduct deprived him of a right secured by the Constitution.

**Third**, the plaintiff must establish that any injuries he may have sustained were proximately caused by the defendants' alleged unconstitutional conduct.

Here, Plaintiff claims that his cell – Cell 13 – was kept in an unsanitary and unsafe condition and he was denied requested cleaning supplies for 40 days and the conditions of his cell seriously impacted, or created a serious risk of impacting, his health and wellbeing.

## B. Conditions of Confinement/Eighth Amendment

The Eighth Amendment to the United States constitution prohibits cruel and unusual punishment of incarcerated persons. Cruel and unusual punishment is defined as the unnecessary and wanton infliction of pain that is imposed without any penological justification.

Not all unpleasant prison conditions trigger a violation of the Eighth Amendment. However, claims about the conditions of an inmate's confinement must be evaluated in light of contemporary standards of decency. For plaintiff to prevail on a claim that the conditions of his confinement claim amounted to cruel and unusual punishment in violation of the Eighth Amendment, a plaintiff must demonstrate two elements: objective and subjective. Plaintiff must prove both elements by a preponderance of the evidence. If plaintiff does not prove both elements by a preponderance of an evidence, he has not met his burden. I will now explain the objective and subjective elements.

First, a plaintiff must show that, objectively, "the deprivation the inmate suffered was sufficiently serious that he was denied the minimal civilized measure of life's necessities. To meet the objective element, the inmate must show that the conditions, either alone or in combination, pose an unreasonable risk of serious damage to his health or safety.

Secondly, plaintiff must also show that defendants acted with deliberate indifference. Deliberate indifference means that the defendants knew of, but disregarded, an excessive risk to plaintiff's health or safety. Said another way, they must have been aware of facts from which the inference could be drawn that a substantial risk of harm existed, <u>and</u> they must actually have drawn the inference.

Again, plaintiff must demonstrate both the objective and subjective elements to prove any of the defendants violated his Eighth Amendment right to be free from cruel and unusual punishment.

8

## E. DAMAGES
### 1. GENERALLY

If Plaintiff has proven by a preponderance of the credible evidence that a Defendant is liable on any of his claims, then you must determine the amount of damages to which Plaintiff is entitled for that claim. However, you should not infer that Plaintiff is entitled to recover damages merely because I am instructing you on the elements of damages. It is exclusively your duty to decide the issues of liability outlined above, and I am instructing you on damages only so that you will have guidance should you decide that Plaintiff is entitled to recover money from defendants.

### 2. COMPENSATORY DAMAGES

The purpose of the law of damages is to award, as far as possible, just and fair compensation for the loss, if any, resulting from a Defendant's violation of Plaintiff's rights. If you find that a Defendant is liable on Plaintiff's claim, as I have explained it, then you must award Plaintiff sufficient damages to compensate him for any injury proximately caused by that Defendant's conduct. An injury or damage is proximately caused by an act, or a failure to act, whenever it appears from the evidence in the case, that the act or omission was a substantial contributing factor in causing the injury or damage.

These are known as compensatory damages. Compensatory damages seek to make Plaintiff whole – that is, to compensate him for any damage he may have suffered. A prevailing plaintiff is entitled to compensatory damages for the physical injury, pain and suffering, mental anguish, shock and discomfort that he has suffered because of a defendant's conduct.

You are to use your sound discretion in fixing an award of damages, drawing reasonable inferences where you deem appropriate from the facts and circumstances in evidence.

Under a federal statute called the Prison Litigation Reform Act, for plaintiff to recover compensatory damages, he must have proven by, a preponderance of the evidence, that he suffered a physical injury. You cannot award compensatory damages for only mental or emotional injuries. A physical injury is more than routine discomfort or a de minimis injury. This requirement is intended to limit a plaintiff's recovery for malicious or frivolous claims, and because compensatory damages may not be based on speculation or sympathy. If you find plaintiff has proven that he has suffered a physical injury and has also suffered an emotional or mental injury, you may award compensatory damages. If you believe that plaintiff suffered harm that does not fall precisely within the definition of a physical, mental, or emotional injury, such as an intangible injury, plaintiff may recover compensatory damages.

Finally, in determining the amount of any compensatory damages to be awarded, you should consider the following: (1) any physical pain that Plaintiff experiences and/or is reasonably certain to experience in the future; (2) the nature and extent of the injury; (3) whether the injury is temporary or permanent; (4) whether any resulting disability is partial or total; and (5) whether Plaintiff suffered any aggravation of a pre-existing condition. No evidence of monetary value of such intangible things as pain and

9

suffering needs to be introduced into evidence. This is because no exact standard exists for fixing compensation to be awarded for these intangible things. If you award compensatory damages, the compensatory damages you award must be fair compensation—no more and no less. They must be based on the evidence presented at trial, and only on that evidence.

### 3. NOMINAL DAMAGES

If you find that a defendant you are considering violated Plaintiff's Eighth Amendment rights but also find that Plaintiff has failed to prove that he is entitled to compensatory damages, you must, nevertheless, award him nominal damages in the amount of one dollar.

You may not award Plaintiff both nominal and compensatory damages if you find that the Defendant you are considering violated his rights. In other words, if you find that the Defendant you are considering violated Plaintiff's rights and that he was measurably injured, you may award him compensatory damages. On the other hand, if you find that the Defendant you are considering violated Plaintiff's rights but that he was not measurably injured, you must award him nominal damages. If you find that Plaintiff's constitutional rights were violated and award nominal damages, you may also consider whether Plaintiff is entitled to an award of punitive damages. You may consider the issue of punitive damages whether or not you award Plaintiff any compensatory damages on his constitutional claims.

### 4. PUNITIVE DAMAGES

Punitive damages are awarded, in the discretion of the jury, to punish a defendant for extreme or outrageous conduct, or to deter or prevent a defendant and others like him from committing similar acts in the future.

I must emphasize, however, that at this stage of the proceedings, you are only to consider whether or not Plaintiff is entitled to an award of punitive damages against one of more of the Defendants. If you determine that Plaintiff is entitled to such an award, you will be asked to determine what amount such an award should be at a separate hearing concerning this issue. Therefore, you are not to consider the amount of punitive damages, if any, you believe Plaintiff is entitled to receive.

You may conclude that Plaintiff is entitled to punitive damages if you find that one or more of the Defendants' acts or omissions were done maliciously or wantonly. An act is maliciously done if it is prompted by ill will or spite toward the injured person. An act is wanton if done in a reckless or callous disregard of, or indifference to, the rights of the injured person. In order to justify an award of punitive damages, Plaintiff has the burden of proving, by a preponderance of the evidence, that the Defendant you are considering acted maliciously or wantonly with regard to his constitutional rights.

Again, you are only to consider whether or not Plaintiff is entitled to such an award of punitive damages, not a specific amount of punitive damages. Although many of the same considerations apply to a determination of the amount of a punitive damages award, the Court will have specific instructions for you regarding this determination, at a later point, should it become necessary.

## VI. CONCLUSION

I have now outlined the rules of law applicable to this case and the processes by which you should weigh the evidence and determine the facts. In a few minutes, you will retire to the jury room for your deliberations. Your first order of business in the jury room will be to elect a foreperson. The foreperson's responsibility is to ensure that deliberations proceed in an orderly manner. This does not mean that the foreperson's vote is entitled to any greater weight than the vote of any other juror.

When you are in the jury room, please listen to each other and discuss the evidence and issues. It is each of your duties, as jurors, to consult with each other. You must deliberate with an intent of reaching an agreement, but only if you can do so without violating your individual judgment and conscience. Your job as jurors is to reach a fair conclusion from the law and evidence. The parties and the Court are relying on you to give full and conscientious consideration to the issues and the evidence before you.

In order to return a verdict, it is necessary that each juror agree. Your verdict must be unanimous.

If, in the course of your deliberations, your recollection of any part of the testimony should fail, or if you should find yourself in doubt concerning my instructions, you may return to the courtroom to have the testimony read to you or my instructions further explained. I advise you that the read-back of testimony may take some time and effort. You should, therefore, first make a conscientious effort to resolve any questions as to testimony through your collective recollections.

Should you desire to communicate with the Court during your deliberations, please put your message or question in writing. The foreperson should sign the note and pass it to the Court Security Officer or Marshal who will bring it to my attention. I will then respond, either in writing or orally, by having you returned to the courtroom.

During your deliberations, do not hesitate to re-examine your views and change your mind. Do not, however, surrender your honest convictions because of the opinion of a fellow juror or for the purpose of returning a verdict. Remember, you are not partisans. You are the judges of the facts. Your duty is to seek the truth from the evidence presented to you, while holding the parties to their burdens of proof.

Once you have reached a unanimous verdict, the foreperson should fill in the verdict form, date and sign it, and inform the Court Security Officer or Marshal that you have reached a verdict. After the Court has received your verdict, you may be asked some additional questions.

The Court has prepared a verdict form for you. A verdict form is simply the written notice of your decision. You will notice that many of the questions call for a yes or no answer. Each answer must be made by unanimous vote of the jury. Your foreperson will write the jury's answer in the space provided for each question. As you will see from the wording of the questions, which I will review shortly, if you answer no to a question, you will not necessarily need to move ahead to consider later questions. I will now review it with you further.